

FILED
APR 12 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN RE: | CIV 06-1005 |
| TRI-STATE ETHANOL COMPANY, LLC, Tax ID #46-0449270 Bankr. No. 093-10194 (Chapter 7) | |
| Debtor. | |
| TRI-STATE FINANCIAL, LLC, | |
| Appellant, | |
| -vs- | OPINION AND ORDER |
| AMERICAN PRAIRIE CONSTRUCTION COMPANY, f/k/a NORTH CENTRAL CONSTRUCTION, INC., | |
| Appellee. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Several motions are pending. We have a motion to dismiss the appeal (Doc. 4) supported by the required memorandum of law (Doc. 5), the claim being that the appeal is from an interlocutory order of the bankruptcy court. If so, the appeal must be dismissed since authorization to appeal has not been sought in this court. We also have a motion (Doc. 15) to strike appellant's brief (Doc. 11) for noncompliance with F.R.B.P. 8010. An examination of the initial brief reveals that it clearly does not comply. Appellant concedes this and has filed a brief (Doc. 24) that is in compliance. Appellee's motion (Doc. 15) to strike Doc. 11 should be granted although the matter is largely moot, given the filing of a brief that is in compliance. We also have a motion (Doc. 16) to strike appellant's memorandum (Doc. 12) in opposition to the motion to dismiss the appeal. Appellee nevertheless filed a reply brief (Doc. 34). Counsel for appellant have cleared up one question and Mr. Strasheim has been admitted *pro hac vice* in the district court. The motion to strike appellant's brief should also be denied.

I have considered all briefs filed. Appellant claims this court has jurisdiction as to the appeal pursuant to 28 U.S.C. § 158(a)(1). The court disagrees and finds not even a possibility

for jurisdiction over this interlocutory appeal. Pending before the bankruptcy court is the trustee's motion for approval (or more correctly the trustee's amended motion (Bankr. Doc. 1699) for approval of the settlement agreement). The fact that the bankruptcy court found that the parties entered into an enforceable oral contract for settlement based on the mediation conducted by United States Magistrate Judge Simko does not tell us that the oral settlement agreement itself will be approved wholly, in part, or not at all. It is obvious that the order from which appeal is sought does not tell us what the terms of the oral agreement were. All of this is yet to be determined by the bankruptcy court. The settlement agreement itself provides that it is void if not approved by the bankruptcy court. The appeal should be dismissed as being totally without merit.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion to dismiss the interlocutory appeal (Doc. 4) is granted.

2) The motion (Doc. 15) to strike the appellant's brief (Doc. 11) is granted.

3) The motion (Doc.16) to strike appellant's memorandum in opposition to the motion to dismiss this appeal is denied.

2) This appeal is dismissed and the case is remanded to the bankruptcy court for further proceedings, including any consideration of awarding terms or costs in connection with the filing of this appeal.

Dated this 12th day of April, 2006.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Mephe
    DEPUTY
(SEAL)